UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

Jeffrey L. Shorr,                                             Civil Action No.:   1:14-cv-564

          Plaintiff,

   v.
                                               **COMPLAINT**

Asset Recovery Associates, Inc.,

          Defendant.
_____

## INTRODUCTION

1. Plaintiff Jeffrey L. Shorr (hereinafter "Shorr") brings this action for actual and statutory damages resulting from Asset Recovery Associates, Inc.'s violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA").

2. The FDCPA is a statute prohibiting debt collectors from using abusive, deceptive, and unfair practices while attempting to collect a debt.

## PARTIES

3. Shorr is a natural person residing in County of Erie, State of New York.

4. Defendant Asset Recovery Associates, Inc., (hereinafter "ARA") is an Illinois foreign corporation engaged in the business of collecting debt in the State of New York. ARA is incorporated in the State of Illinois with their corporate headquarters located at 1919 S. Highland Ave., 225A, Lombard, IL 60148.

5. For purposes of the FDCPA, ARA is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) because ARA regularly attempts to collect debts asserted to be due to another.

6. Any and all acts of ARA hereinafter alleged were performed by ARA or its employees while under the scope of the ARA's actual or apparent authority.

7. Any and all references to "ARA" herein shall include ARA and/or an employee or employees of the ARA.

## JURISDICTION AND VENUE

8. This honorable Court possesses jurisdiction over this matter pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331. Venue is proper because the pertinent events occurred here.

## FACTUAL ALLEGATIONS

9. Shorr is alleged to have incurred and defaulted on a debt to Charter One (hereinafter "Subject Debt"), a "debt" as defined by the FDCPA arising primarily for personal, family or household purposes.

10. On or about July, 2013, ARA called Shorr. ARA claimed that the call was from the "legal department" and advised Shorr that he needed to resolve the Subject Debt or be taken to court.

11. At the time it threatened to take Shorr to court, ARA did not have standing or authority to sue Shorr. Thus, ARA was never intent upon or capable of suing Shorr. ARA has not sued Shorr for recovery of the Subject Debt. ARA's legal threats were false and misleading, thereby violating 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(2)(A), 15 U.S.C. § 1692e(3).

12. ARA, in its initial verbal communication with Shorr, failed to to disclose that it was attempting to collect a debt, failed to identify itself as a debt collector and failed to state that any information obtained would be used for that purpose (i.e., debt collection) as required by the FDCPA. ARA thereby violated 15 U.S.C. § 1692e(11).

13. Shorr told ARA not to call him on his cell phone. ARA disregarded this request and subsequently placed several more calls to Shorr's cell phone. Thus, ARA communicated or attempted to communicate with Shorr at a place or time known to be inconvenient to ARA. ARA thereby violated 15 U.S.C. § 1692c(a)(1). ARA's subsequent calls to Shorr's cell phone were harassment. ARA thereby violated 15 U.S.C. § 1692d and 15 U.S.C. § 1692d(5).

14. Shorr has suffered actual damages as a result of these illegal communications in the form of anger, confusion and aggravation, among other negative emotions.

### CAUSE OF ACTION I. VIOLATIONS OF THE FDCPA

15. Shorr includes by reference all the above-mentioned paragraphs as though fully stated herein.

16. The foregoing acts and omissions of ARA constitute numerous and multiple violations of the FDCPA, including, but not limited to, each and every one of the above cited provisions of the FDCPA, 15 U.S.C. § 1692 *et seq*.

17. As a result of ARA's violations of the FDCPA, Shorr is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from ARA.

### PRAYER FOR RELIEF

**WHEREFORE**, Shorr respectfully requests the following relief be granted from ARA:

(a) Actual damages under the FDCPA, pursuant to 15 U.S.C. § 1692k(a)(1);

(b) Statutory damages of $1,000.00 under the FDCPA, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(c) Costs and disbursements of this action, along with reasonable attorney's fees under the FDCPA, pursuant to 15 U.S.C. § 1692k(a)(3); and

(d) For any and all additional relief as this Court deems just and proper.

                                      Respectfully submitted,

Dated: July 11, 2014                  Law Office of Christopher Lestak

                                      By: Christopher E. Lestak
                                      332 N Park Avenue
                                      Buffalo, New York 14216
                                      Telephone: 716-863-9730
                                      Fax: (347) 772-3052
                                      lestaklaw@gmail.com

                                      Attorney for Plaintiff